UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUMBERTO S. LOPEZ, Trustee of the H.S.
LOPEZ FAMILY TRUST,

    Plaintiff,

v.

CAPITOL BANCORP LTD., a Michigan
corporation, and CAPITOL DEVELOPMENT
BANCORP LIMITED III, a Michigan
corporation,

    Defendants.
    _____/

File No. 1:09-CV-814

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Humberto S. Lopez's motion for summary judgment on his claim for a declaratory judgment that the May 11, 2009, amendment to the CDBL-III articles of incorporation is void and that CDBL-III Class B shares converted to Class A on May 12, 2009. (Dkt. No. 28.) For the reasons that follow, this motion will be denied.

Though the facts of the case are set forth in the Court's opinion granting Plaintiff's motion for a preliminary injunction (Dkt. No. 15), a brief discussion of the current procedural posture of the case is warranted. On September 21, 2009, the Court granted Plaintiff's motion for a preliminary injunction enjoining Defendant CBC from closing an exchange offer in which CBC was offering to exchange CBC stock for CDBL-III stock. (Dkt. No. 16,

09/21/2009 Order.) The Court's opinion was based in part on its conclusion that Plaintiff had a "likelihood" of succeeding on its claim for a declaratory judgment that the May 11, 2009, amendment to the CDBL-III articles of incorporation was void because it adversely affected the rights of Class B shareholders and Class B shareholders were not permitted to vote on the amendment, in violation of Mich. Comp. Laws § 450.1615(1). On September 23, 2009, the CDBL-III board of directors converted all shares of Class B CDBL-III stock to shares of Class A CDBL-III stock. The Court determined that this conversion "abrogated Plaintiff's irreparable harm as well as the need for a preliminary injunction." (Dkt. No. 30, 09/30/2009 Op. 7.) The Court accordingly dissolved the preliminary injunction. (Dkt. No. 31, 09/30/2009 Order.) On October 9, 2009, Plaintiff informed the Court that the exchange offer had been withdrawn, and that as a result it was no longer pursuing its claim for damages under Section 11 of the Securities Act of 1933. (Dkt. No. 34.) Thus, Plaintiff's sole remaining claim is its claim for a declaratory judgment that the May 11, 2009, amendment to the CDBL-III articles of incorporation was void because it adversely affected the rights of Class B shareholders and Class B shareholders were not permitted to vote on the amendment, in violation of Mich. Comp. Laws § 450.1615(1).

On September 29, 2009, Plaintiff filed an amended motion for summary judgment on its claim for declaratory relief. Rather than submit a separate brief in support of this motion, Plaintiff asserted that it is "content to rely on the briefs and arguments previously made unless and to the extent Defendants chose [sic] to file additional briefs on the subject." (Dkt.

No. 25, at 1.) Essentially, Plaintiff was indicating that it believed that its brief in support of its motion for a preliminary injunction, pursuant to which the Court determined that Plaintiff had a "likelihood" of succeeding on its claim for a declaratory judgment, was sufficient to also sustain the burden imposed by Plaintiff's motion for summary judgment—that Plaintiff was entitled to declaratory relief as a matter of law. Defendants filed a response to Plaintiff's motion on January 4, 2010, Plaintiff filed a reply on January 13, 2010, and Defendants filed a sur-reply on January 15, 2010. Very little discovery has occurred since Plaintiff originally filed its motion for a preliminary injunction, and the arguments advanced by each party have not significantly evolved. Thus, the Court is left to determine whether Plaintiff's motion for a preliminary injunction, as supplemented by the limited briefing filed in connection with Plaintiff's motion for summary judgment, is sufficient to establish that the May 11, 2009, amendment was adverse to Class B CDBL-III shareholders as a matter of law. The Court holds that it is not.

An understanding of the differences in the legal standard governing motions for preliminary injunctions and the legal standard governing motions for summary judgment is vital to an understanding of the Court's decision. A movant may be entitled to preliminary injunctive relief if the movant has a "likelihood" of succeeding on the merits of a claim. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). This standard recognizes that motions for preliminary injunctive relief often must be decided before discovery and before the facts of the case have been fully developed. *See Warshak v. United States*, 532 F.3d 521,

537 (6th Cir. 2008) ("The factual record necessary to support a preliminary injunction does not have to be complete."); *Ramirez v. Webb*, 599 F. Supp. 1278, 1281 (W.D. Mich. 1984) ("In considering a motion for a preliminary injunction, the Court does not determine a case on the merits . . . ."). On the other hand, a movant is entitled to summary judgment only if the movant is able to establish that there are no genuine issues of material fact precluding the Court from awarding judgment in the movant's favor as a matter of law. Fed. R. Civ. P. 56(c). Motions for summary judgment are most appropriate upon the completion of substantial discovery so that the Court is able to accurately determine whether any genuine issues of fact exist in light of all the evidence of the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, *after adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.") (emphasis added).

Several genuine issues of material fact preclude the Court from finding that the May 11, 2009, amendment was adverse to the Class B shareholders as a matter of law. For example, Plaintiff has failed to carry its burden of proving that, as a matter of law, the amendment did not prevent a dilution of the value of Class B shares or prevent Class B shareholders from being stripped of their voting interests. Plaintiff is correct to assert that, in its opinion granting Plaintiff's motion for a preliminary injunction, the Court determined both that the amendment did not prevent a dilution of the value of class B shares, and that

4

the amendment did not prevent Class B shareholders from being stripped of their voting interests. (Dkt. No. 46, at 2 n.3.) However, these determinations were by necessity preliminary,[1] made without the benefit of discovery, and are limited by the standard governing motions for preliminary injunctions—that Plaintiff merely demonstrate a "likelihood" of success on the merits. Upon consideration of the same arguments and evidence offered by Plaintiff that led the Court to conclude that Plaintiff had a "likelihood" succeeding on the merits of its claim, the Court cannot also conclude that Plaintiff has offered sufficient evidence to be entitled to judgment on the merits of its claim as a matter of law.

In short, the central question in this matter is whether the May 11, 2009, amendment was adverse to Class B shareholders. The answer to this question depends on the likelihood and severity of a multitude of possible consequences of the amendment, and the aggregate effect of these consequences on the Class B shareholders. Plaintiff has not carried its burden of demonstrating that, taking into account all the consequences of the amendment, at the end of the day the amendment was, as a matter of law, adverse to the Class B shareholders. This is a question best suited for jury determination.

Defendants' response requires the Court to address the appropriate remedy in the event the fact-finder determines that the May 11, 2009, amendment violated Mich. Comp.

---

[1] Plaintiff's reliance on the "law of the case" doctrine is misplaced. "[F]indings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Laws § 450.1615(1). According to Defendants, even if the amendment was adverse to the Class B shareholders, Plaintiff is entitled only to dissenter's rights, not a declaration that the amendment is void. Defendants rely on Mich. Comp. Laws § 450.1621, which states that "[a] holder of adversely affected shares who does not vote for or consent in writing to a proposed amendment may dissent, pursuant to section 762." Section 762 permits a dissenting shareholder to "obtain payment of the fair value of his or her shares." *Id.* at § 450.1762. However, Mich. Comp. Laws § 450.1621 appears to provide dissenter's rights when a shareholder is given the opportunity to vote on an amendment, but declines to do so. In this case, Plaintiff was not even given an opportunity to vote on the May 11, 2009, amendment, rendering § 1621 inapplicable. Further, even if § 1621 does provide dissenter's rights to Plaintiff, § 762(3) provides that a shareholder may "challenge" an amendment if the amendment is determined to be "unlawful." *Id.* at § 450.1762(3). The Court interprets this language to mean that a shareholder may seek the invalidation of an unlawful amendment. Finally, courts and commentators alike have acknowledged that amendments made in violation of a statute may be "set aside." 12B William Meade Fletcher, Fletcher Cyclopedia of the Law of Corporations § 5824 (2009); *see also Sellers v. Joseph Bancroft & Sons Co.*, 2 A.2d 108, 113 (Del. Ch. 1938). For these reasons, Plaintiff is entitled to seek invalidation of the amendment rather than dissenter's rights.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's amended motion for summary judgment (Dkt. No. 28) is **DENIED**.


Dated: January 28, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE